Sanford Equities Corp. v Cushing (2024 NY Slip Op 50200(U))

[*1]

Sanford Equities Corp. v Cushing

2024 NY Slip Op 50200(U)

Decided on February 9, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, PHILLIP HOM, JJ

2023-110 Q C

Sanford Equities Corp., Respondent,
against
Robert M. Cushing and Noan-Huey Wu, Appellants. 

Robert M. Cushing and Noan-Huey Wu, appellants pro se.
Bill Zou & Associates, PLLC (William X. Zou of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), dated November 10, 2022. The order, insofar as appealed from and as limited by the brief, conditioned the adjournment of the matter to February 16, 2023 on tenants granting landlord access to their unit on certain dates in November 2022 and abiding by restrictions on piano playing in their unit until February 16, 2023.

ORDERED that the appeal is dismissed.
Landlord, a residential cooperative corporation, commenced this holdover proceeding after it terminated tenants' proprietary lease on the ground, among others, that tenants had violated provisions of the lease and house rules prohibiting unreasonable noise. Following a nonjury trial, a final judgment was entered on June 17, 2019 awarding landlord possession and $9,732 in maintenance arrears. The court also granted a stay of execution of the warrant until June 30, 2020, as long as tenants paid the arrears, respected the quiet hours of the subject building, and refrained from disrupting other tenants' enjoyment of the premises.
In August 2019, landlord sought leave to execute the warrant of eviction, alleging that tenants had violated the terms of the stay, and the court set the matter down for a compliance hearing. Several adjourned dates followed. On November 10, 2022, tenants orally moved to adjourn the matter again. The Civil Court, insofar as is relevant to this appeal, granted tenants' motion to the extent of adjourning the matter to February 16, 2023, on the conditions that tenants grant landlord access to their unit on certain dates in November 2022 and abide by restrictions on [*2]piano playing in their unit until February 16, 2023. Tenants appeal, arguing that the court should not have imposed these conditions. Tenants also claim that they made oral motions for (1) a stay of the instant proceeding pending the determination of a related action that tenants commenced against landlord in Supreme Court, Queens County, and (2) an order compelling landlord to provide tenants with monthly use and occupancy statements, and that the Civil Court should have granted these motions.
So much of the order as required tenants to grant landlord access to their unit on certain dates in November 2022 and to abide by restrictions on piano playing in their unit until February 16, 2023 is not appealable as of right because it did not decide a motion made upon notice (see CCA 1702 [a] [2]; Arroyo v City of New York, 185 AD2d 829 [1992]), and we decline to grant leave to appeal as the issues have been rendered academic.
With respect to the alleged oral motions, we note that the record does not reflect that tenants made such motions and the order does not reference them in any respect. Consequently, they are not part of this appeal. Even if we were to accept tenants' contention that they made such oral motions and that the order before us disposes of them by implicitly denying them, such portion of the order would not be appealable as of right (see CCA 1702 [a] [2]; Keita v Ottman, 34 Misc 3d 135[A], 2011 NY Slip Op 52393[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]) and we would decline to grant leave to appeal.
Accordingly, the appeal is dismissed.
BUGGS, J.P., MUNDY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 9, 2024